## No. 11,544.

### NIAGARA FIRE INSURANCE CO. *v.* SELLERS.

Decided March 22, 1926.

Action on fire insurance policy. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  INSURANCE—*Fire—Value—Evidence.* In an action for loss under a
    fire insurance policy, it will be presumed that lumber and other
    materials entering into the property destroyed, cost about the same
    in 1924 as they did in 1921.

2.  *Fire—Value—Evidence.* Evidence of value of property destroyed
    by fire at the time of loss, held relevant and admissible as to what
    it would cost to replace the property immediately after the fire.

*Error to the District Court of Logan County, Hon. L. C.
Stephenson, Judge.*

Mr. S. M. TRUE, for plaintiff in error.

Mr. W. MABRY KING, Messrs. MUNSON & JONES, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the
court.

THIS is an action upon a policy of fire insurance to
recover for a total loss of the property insured, which
had consisted of a one-story frame building used as a
moving picture house, the furniture and fixtures therein,
and a moving picture machine. The verdict was for

plaintiff for the full amounts named in the policy, totaling $4,500. Judgment was entered accordingly. Defendant brings the case here, and applies for a supersedeas.

The contention of plaintiff in error, defendant below, is that the verdict is not supported by the evidence. It is not disputed that there is evidence of the market or cash value of the property before its destruction by fire, but plaintiff in error contends that such evidence is not evidence of what it would cost to replace the property destroyed. This point need not be determined, because there was other evidence to support the verdict under that provision of the policy which stipulates that the insurer shall not be liable beyond what, at the time of the loss, "it would then cost the insured to   *   *   * replace the same with material of like kind and quality." The plaintiff introduced evidence tending to show that the original cost of the property was approximately $9,000. The building was constructed, and the fixtures installed therein, in 1920 and 1921. The fire occurred in December, 1924. The presumption is that lumber and other materials cost about the same in 1924 as they did in 1921. It follows that while plaintiff's evidence was relevant as to the value at the time of the loss, it was also relevant and admissible as to what it would cost to replace the property immediately after the fire. The evidence is sufficient to support the verdict.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.